**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1105**

JACK HOWARD TAYLOR,

        Petitioner - Appellant,

      v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent - Appellee.

Appeal from the United States Tax Court. (Tax Ct. No. 17349-15)

Submitted: July 19, 2018                    Decided: July 23, 2018

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Jack Howard Taylor, Appellant Pro Se. Karen G. Gregory, Teresa E. McLaughlin, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Howard Taylor noted an appeal following the tax court's order denying his motion to vacate or revise the order upholding the Commissioner's notice of deficiency with respect to his 2012 income taxes. A notice of appeal from a decision of the tax court must be filed within 90 days after the decision is entered. 26 U.S.C. § 7483 (2012). The timely filing of a notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 213–14 (2007); *Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268, 269 (4th Cir. 1998). A timely motion to vacate or revise a decision tolls the appeal period until the motion is resolved. Tax Ct. R. 162; *Spencer Med. Assocs.*, 155 F.3d at 271. Here, Taylor filed a motion to vacate or revise the judgment 34 days after entry of the order upholding the deficiency determination. Thus, his notice of appeal, filed 90 days after the entry of the order denying the motion to vacate or revise, was timely only as to the denial of the motion to vacate or revise.

We have reviewed the record and find no abuse of discretion and no reversible error with respect to the tax court's order denying Taylor's motion to vacate or revise. Accordingly, we affirm for the reasons stated by the tax court. *Taylor v. Comm'r of Internal Rev.*, No. 322273-12 (U.S. Tax Ct. Aug. 10, 2017). However, because Taylor failed to file a timely notice of appeal from the tax court's July 5, 2017 order, we are without jurisdiction to review the merits of that order. *See Bowles*, 551 U.S. at 214. Accordingly, we dismiss the appeal as to the order upholding the deficiency determination. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART